**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Scott McDaniel

    v.                                  Civil No. 04-cv-311-PB

Skillsoft Corporation


**O R D E R**

Despite a failure to comply with either LR 7.1(a)(2) or 37.1(a), defendant seeks to compel signed authorizations for records of: (1) high school education; (2) mental health counseling; (3) medical treatment; (4) pharmaceuticals dispensed; (5) hospitalization; (6) dental treatment; and (7) criminal convictions.  The inadequacy of the motion is somewhat ameliorated by the Response to Plaintiff's Limited Objection.

    1.   Education, pharmacy, dental and criminal records.

        a.  Education

The relevance of high school records of a 35 year-old with a GED diploma is not established by defendant's barebone claim that they are "pertinent to his earning capacity."  Denied.

        b.  Pharmacy

The records filed under seal by defendant reflect that plaintiff had a Zoloft prescription.  The records of physicians and mental health professional already produced, of necessity,

reflect prescriptions.  In fact, it does not appear that a Rule 34 request seeking pharmacy records has even been made.  Denied.

        c.   <u>Dental</u>

A claim for damages due to a loss of dental insurance was made in the answer to interrogatory 19 (Exhibit B under seal).  However, plaintiff's objection disavows such a claim.  Plaintiff is ordered to provide copies of any dental bills which he claims as damages.

        d.   <u>Criminal</u>

Plaintiff has denied any criminal record.  Defendant persists in seeking an authorization without any showing of relevance or basis for believing that such records exist.  Denied.

    2.   <u>Mental Health, Physician and Hospital Records</u>.

Plaintiff has a claim for intentional infliction of emotional distress and, it is clear, it is not of the garden variety.  Defendant is entitled to discovery sufficient to evaluate and defend the claim.

Defendant's Request nos. 7 and 8 are excessively broad as they are not limited in time nor, in view of the production to date, the plaintiff's deposition and Dr. Drukenis' extensive

examination, has there been any showing that more is necessary.

The disclosure of childhood abuse, depression bouts, mental

health and medical records are more than enough for counsel or

their expert to address the claim.  Beyond what has been provided

and what has been promised it appears defendant is over-reaching

on overly broad requests.  Denied.

Plaintiff is to be paid his reasonable attorney's fees in

opposing this motion unless defendant shows cause why not within

ten (10) days.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: July 29, 2005

cc:   Mary Notaris, Esq.
      Elizabeth A. Bailey, Esq.
      Christopher Cole, Esq.