UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Scott McDaniel

    v.                                      Civil No. 04-cv-311-PB

Skillsoft Corporation

**O R D E R**

Defendant moves to preclude the introduction of expert testimony or reports by plaintiff. Plaintiff objects.

Discussion

In this workplace discrimination case, plaintiff has a claim for intentional infliction of emotional distress. Defendant correctly points out that plaintiff was required to disclose "all experts" on or before May 1, 2005 and to date has disclosed none. To be more precise, plaintiff has disclosed no retained experts as required by Fed. R. Civ. P. 26(a)(2)(B) nor any unretained expert who will present expert testimony within the meaning of Fed. R. Evid. 702, 703 and 705; that is, opinion evidence as required by Rule 26(a)(2)(A).

Plaintiff responded by indicating that while he does plan to call his treating physician(s), psychiatrist(s) and/or psychologist(s) regarding his treatment and to authenticate

records; they will not offer Rule 702 opinion evidence. Plaintiff says his treating physicians "may comment with respect to the Defendant's expert report . . . ." It is not clear what the nature of their "comment" might be or how it would be admissible if not expert opinion.

Plaintiff appears to rely on Gomez v. Rivera Rodriguez, 344 F.3d 103, 113 (1st Cir. 2003) for the proposition that treating physicians do not need to be disclosed under Rule 26(a)(2)(A). A careful reading of Gomez indicates that that proposition is too broad. As Judge Selya points out, the "application of Rule 26's expert witness requirements is not the status of the witness, but, rather, the essence of the proffered testimony. Patel v. Gayes, 984 F.2d 214, 218 (7th Cir. 1993)." Id. What Gomez does hold is that "a party need not identify a witness as an expert so long as the witness played a personal role in the unfolding of the events at issue and the anticipated questioning seeks only to elicit the witness's knowledge of those events." Id. at 113-114.

However, the requirements of Rule 26(a)(2) clearly apply if Rule 702 opinions are to be expressed. If the opinions of unretained experts are involved, the disclosure is a Rule 26(a)(2)(A) disclosure, but if they are retained to express an

opinion Rule 26(a)(2)(B) applies.  <u>Sprague v. Liberty Mutual Insurance Co.</u>, 177 F.R.D. 78, 81 (D.N.H. 1998).  Treating physicians, depending on the "essence" of their testimony may require (1) no disclosure (pure fact witness); (2) Rule 26(a)(2)(A) disclosure (treatment plus opinions based upon or part of treatment); or (3) Rule 26(a)(2)(B) disclosure (treating physician hired to give a non-treatment related opinion – work capacity, etc.).

Here, apparently, plaintiff does not intend to offer opinion evidence.  The time for expert disclosure is long past.  Defendant is entitled to protection from a surprise opinion.  Defendant's motion (document no. 12) is granted.  Plaintiff is precluded from offering Rule 702, 703 or 705 testimony.

**SO ORDERED.**

                                                                        /s/ James R. Muirhead
                                                                        James R. Muirhead
                                                                        United States Magistrate Judge

Date: August 4, 2005

cc:   Elizabeth A. Bailey, Esq.
        Christopher Cole, Esq.
        Mary Notaris, Esq.