```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW HAMPSHIRE
```

SCOTT MCDANIEL

  v.          Case No. 04-cv-0311-PB

SKILLSOFT CORPORATION


**O R D E R**

  Scott McDaniel charges that he was sexually harassed by his supervisor, Rob Brown, while both men worked at SkillSoft Corporation's office in Nashua, New Hampshire. McDaniel seeks damages for alleged violations of Title VII of the Civil Rights Act of 1964 and the New Hampshire Civil Rights Act, as well as for the common law torts of intentional infliction of emotional distress and constructive discharge.

  The question I answer in this Order is whether McDaniel has standing to sue given his failure to list his claims against Skillsoft as assets in his intervening bankruptcy proceeding.

**A. FACTUAL BACKGROUND**

  McDaniel started working at SkillSoft in July 2000. Compl. ¶ 11. SkillSoft hired Rob Brown in November 2000. Id. ¶ 15. According to McDaniel, Brown sexually harassed him by making

suggestive comments, sending him emails laden with sexual content, and touching him inappropriately.  See id. generally. In March 2001, McDaniel sought mental health counseling.  Compl. ¶ 47.  On September 21, 2001, at the suggestion of his doctor, McDaniel stopped working and started collecting disability benefits.  McDonald Aff. ¶ 7; McDaniel Dep. Vol. I at 213 ln. 23; 214 ln. 1-2.  Although he has not returned to work, McDaniel never resigned his position at SkillSoft.  Id. at 212 ln. 21-23. Nor did SkillSoft terminate McDaniel's employment, id. at 218 ln. 14-16, although his disability coverage expired after 18 months. Id. at 219 ln. 6-12.  McDaniel first told SkillSoft's human resources department about Brown's conduct on October 1, 2001. Id. Vol. II at 47 ln. 20-23; 48 ln. 5-6.  SkillSoft promptly investigated McDaniel's allegations and terminated Brown by giving him the opportunity to resign on October 29, 2001. McDonald Aff. ¶ 5-6.

   McDaniel filed a voluntary Chapter 7 bankruptcy petition on December 21, 2001; he did not list his claims against SkillSoft in the statement of financial affairs and schedules that accompanied the petition.  McDaniel received a discharge on April 5, 2002.  See Filings in McDaniel Bankruptcy Case, No. 01-13815

(Bankr. D.N.H. 2002).

The present litigation commenced in December 2003.

**B.     STANDING**

Legal claims existing when an individual files a Chapter 7 petition become part of the bankruptcy estate.  See Howe v. Richardson, 193 F.3d 60, 61 (1st Cir. 1999) (citing 11 U.S.C. § 541(a)(1)); see also Harris v. St. Louis University, 114 B.R. 647, 648 (E.D. Mo. 1990) ("It is well established that [the bankruptcy estate] includes causes of action existing at the time of the commencement of the bankruptcy case.").

The trustee in bankruptcy "is the real party in interest with *exclusive* standing to assert claims which are property of the bankruptcy estate."  Vidal v. Doral Bank Corp., 363 F. Supp. 2d 19, 22 (D.P.R. 2005) (emphasis added).  This is true even if the cause of action is not scheduled as an asset in the bankruptcy proceeding.  Brooks v. Beatty, No. 93-1891, 1994 U.S. App. LEXIS 12425 at *9 (1st Cir. 1994) (unpublished).

McDaniel's claims against SkillSoft arose from events that occurred before his last day of work in September 2001, which was prior to the filing of his bankruptcy petition in December 2001. Thus, the claims became part of the bankruptcy estate and the

trustee in bankruptcy is the real party in interest to this lawsuit.  Because the trustee's standing is exclusive, McDaniel lacks standing to pursue his claims against SkillSoft at this time.

These proceedings shall be stayed for 90 days so that McDaniel may reopen his bankruptcy proceeding and amend his schedule of assets to include his claims against SkillSoft.  If McDaniel does not reopen his bankruptcy case within 90 days, the action will be dismissed for lack of standing.

Skillsoft's motion for summary judgment (Doc. No. 19) is denied without prejudice.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

November 18, 2005

cc: Mary Notaris, Esq.
    Elizabeth A. Bailey, Esq.
    Christopher Cole, Esq.